Case 1:03-cr-00494-SOM   Document 619   Filed 01/29/2008   Page 1 of 6

PROB. 12B
(7/93)

# ORIGINAL

## United States District Court

### for the

### DISTRICT OF HAWAII



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 29 2008

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: JOSEPH REARDON          Case Number: CR 03-00494SOM-11

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                       U.S. District Judge

Date of Original Sentence: 7/8/2005

Original Offense:   Count 1:  Conspiracy to Possess With Intent to Distribute in Excess of 50 Grams of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, a Class C felony.

Count 11:  Use of a Telephone to Cause or Facilitate the Commission of a Conspiracy to Possess With Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 843(b), a Class E felony.

Original Sentence:  Thirty-seven (37) months imprisonment as to each of Counts 1 and 11, with both terms to be served concurrently, followed by a term of three (3) years supervised release as to Count 1 and one (1) year supervised release as to Count 11 with both terms to be served concurrently. The following special conditions of supervision were ordered: 1) That the defendant shall participate in an approved program for domestic violence; 2) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 3) That the defendant is prohibited from the possession and use of alcohol; and 4) That the defendant provide the Probation Office access to any requested financial information.

Type of Supervision: Supervised Release    Date Supervision Commenced: 1/30/2007

### PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

Prob 12B
(7/93)

2

**General Condition**:   *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).*

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Special Condition No. 2 | The offender failed to participate in a substance abuse program on 2/19/2007; and refused to comply with drug testing on 4/12/2007 and 12/12/2007. |

The offender's supervision commenced on 1/30/2007. On that date the offender was oriented to the drug treatment and testing conditions which outlined the protocol for both counseling and drug testing. Per protocol, he was instructed to obtain prior approval from this officer if he was unable to keep a scheduled counseling session. He was also instructed to call a telephone message recorder daily to obtain instructions for submitting a urine specimen.

On 2/19/2007, the offender failed to report for a group counseling session at Hina Mauka. When questioned, he explained that he went to Hina Mauka one hour earlier than his scheduled class time but no one was there. He said he assumed that Hina Mauka was closed and returned home.

On 4/12/2007, the offender failed to report for drug testing at Hina Mauka. When questioned, he stated that he had received instructions to report for drug testing on that date but that he forgot to do so. The offender completed the counseling portion of the treatment program on 8/9/2007, and continued with drug testing.

On 12/12/2007, the offender again failed to report for drug testing at Hina Mauka. As to this missed drug test, the offender stated that he "didn't know what happened" and that he "thought he had called" the telephone message recorder. Because he was oriented to the drug testing protocol and had complied with these requirements for an extended period prior to the missed drug tests, he is charged with refusing to comply with drug testing in both instances.

The offender was verbally admonished for the aforementioned violations. As a sanction for his non-compliance, the offender will remain in a higher phase of testing for an additional two (2) months.

Prob 12B
(7/93)

3

    To his credit, the offender has maintained stable employment since the commencement of supervision and has also accepted full responsibility for the above-mentioned violations. As of this date, all drug tests submitted by the offender have been negative.

    It is for the mitigating factors stated above that we wish to continue to work with the offender in the community. The offender has been warned that future noncompliance may result in the request for adverse Court action. Also at this time, to assist in our monitoring of the offender, we are requesting the proposed modification to his supervised release. In light of *U.S. v. Stephens*, a modification to the mandatory drug testing condition (General Condition) will allow for additional drug testing outside any drug testing that is considered part of treatment. Considering the offender's substance abuse history of daily methamphetamine use from the age of eighteen (18), this modification is easily justified.

    Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

                                     Respectfully submitted by,

                                       SYDNEY L. FLEMING
                                       U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 1/25/2008

Prob 12B
(7/93)

4

THE COURT ORDERS:

[X]  The Modification of Conditions as Noted Above
[ ]  Other

                                              _____
                                                          SUSAN OKI MOLLWAY
                                                          U.S. District Judge

                                              _____1/28/08_____
                                                                    Date

## NOTICE REGARDING MODIFICATION OF CONDITIONS

The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions. Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant. The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant. Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

_____
Defendant

Print Name: _____

Date: 1-24-08

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]    To modify the conditions of supervision as follows:

*General Condition*    *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).*

Witness: _SYDNEY L. FLEMING_ (signature)
SYDNEY L. FLEMING
U.S. Probation Officer

Signed: _JOSEPH REARDON_ (signature)
JOSEPH REARDON
Supervised Releasee

1-10-08
Date